IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHAN S. COLLINS (formerly Stephan Jones),<br><br>        Plaintiff,<br><br>   v.<br><br>BONNEVILLE INTERNATIONAL CORPORATION, VALERIE HOWARD, and DOES 1-30, inclusive<br><br>        Defendants.<br>_____/ | No. C 05-01545 WHA<br><br>**ORDER REMANDING CASE AND VACATING HEARING** |

## INTRODUCTION

In this employment-discrimination action, the Court finds that there was no basis for removal on the basis of diversity jurisdiction under 28 U.S.C. 1441(b).  Moreover, removal would not be appropriate even if the complaint were amended as proposed by plaintiff. Accordingly, this order **GRANTS** plaintiff's motion to remand the action.

## STATEMENT

On February 24, 2005, plaintiff Stephan Smith Collins filed a complaint in state court against defendants Bonneville International Corporation and Valerie Howard, both alleged to be California residents.  The complaint alleged (1) breach of oral contract; (2) promissory estoppel; (3) promissory fraud/deceit; and (4) discrimination on the basis of sexual orientation in violation of the Fair Employment and Housing Act ("FEHA"), codified at California Government Code §§ 12940 *et. seq.* based on defendants' failure to rehire him as the Local

1  Sales Manager for the radio station KDFC.  Although the complaint was subsequently amended
2  on March 16, 2005, plaintiff merely added the exhibits which were inadvertently left out in the
3  original (Br. 2).
4    Apparently, in 2002, when the Local Sales Manager position had been eliminated,
5  plaintiff entered into a written Separation Agreement and Release of All Claims (*see* Howard
6  Exh. A.).  Plaintiff alleges that he was induced to sign this agreement by an oral promise from
7  his supervisor, defendant Howard, that he would be rehired if and when that position was
8  reinstated (Compl. ¶¶ 11.16–18, 22–25, 31–33).
9    On April 13, 2005, defendants jointly filed an answer to the first amended complaint.
10  The next day, defendants filed a notice of removal, asserting that diversity jurisdiction exists
11  because plaintiff incorrectly alleged that defendant Bonneville's principal place of business was
12  California, rather than Utah.  The notice of removal further alleged that defendant Howard was
13  fraudulently joined and may be disregarded for purposes of determining diversity of citizenship.
14    Plaintiff's motion for remand conceded that Bonneville is a Utah corporation (Br. 2).
15  Plaintiff also indicated that he planned to dismiss his causes of action under breach of contract,
16  promissory estoppel and discrimination against defendant Howard, but argued that she was not
17  a "sham defendant" because he had a valid claim for promissory fraud against her (Br. 3).
18  Defendants' opposition brief did not address any of the claims that plaintiff intended to dismiss
19  against Howard.

**ANALYSIS**

21    **1.  28 U.S.C. 1441(b).**
22    Removal based on diversity under 28 U.S.C. 1441(b) is permitted if a federal court
23  would have original jurisdiction under 28 U.S.C. 1332.  In addition, 28 U.S.C. 1441(b) requires
24  that "none of the parties in interest properly joined and served as defendants is a citizen of the
25  State in which such action is brought."  The removing party always bears the burden of
26  establishing removal is proper.  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.
27  1990).  The removal statutes are strictly construed such that any doubts are resolved in favor of
28  remand.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

"Challenges to removal jurisdiction require an inquiry into the circumstances at the time the notice of removal is filed." *Spencer v. U.S. Dist. Court for N. Dist. of Cal.*, 393 F.3d 867, 871 (9th Cir. 2004). Thus, plaintiff's plans to amend his complaint again are irrelevant to the Court's analysis. Yet, even if defendant Bonneville is conceded to be a Utah corporation, defendant Howard's presence defeats diversity jurisdiction. To avoid remand, defendants must prove fraudulent joinder, by demonstrating that plaintiff is unable to state a cause of action against the resident defendant and that the failure is obvious according to the settled rules of the state. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

Even if the only claim asserted against defendant Howard is promissory fraud, remand is appropriate. Plaintiff may assert promissory fraud against his supervisor, independent of his employer. *See generally* 2 Witkin, SUMMARY OF CAL. LAW (9th ed. 1987) Agency and Employment § 149, p. 144; *see e.g., Helmer v. Bingham Toyota Isuzu*, 2005 Cal. App. LEXIS 869 (Cal. App. 5th Dist. 2005)(promissory fraud asserted against both employer and supervisor). Thus, Howard cannot be treated as a "sham defendant." *Compare Gibson v. American Airlines*, 1996 U.S. Dist. LEXIS 7977 at *6–7 (N.D. Cal. 1996). The decisions concerning managerial liability cited by defendants are inapposite. It may be that the decision to *terminate* plaintiff was an act within Howard's scope of employment. But the fraudulent promise to rehire was not.

Defendants also attempt to reach behind the pleadings and argue on the merits that the separation agreement supercedes any oral agreement. Defendants contend that this agreement precludes plaintiff from asserting any claims that arise from the termination of his employment. This argument is rejected. Plaintiff has a plausible claim that a promise to rehire would not be covered by the separation agreement he signed, because the subject of rehire is distinct from termination. Because defendants have failed to meet their burden to demonstrate that *no* cause of action asserted against Howard has a reasonable basis, this action must be remanded.

**2.    28 U.S.C. 1447(c).**

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. 1447(c). The

3

Court has "wide discretion" to award attorney's fees and costs under this section if removal was unreasonable, even in the absence of bad faith. *Moore v. Permanente Medical Group, Inc.*, 981 F2d. 443, 446–47 (1992). Here, defendant presented at least a colorable basis for removal and this order finds that no award of fees or costs is warranted.

## CONCLUSION

For the reasons stated above, plaintiffs' motion to remand is **GRANTED**. This action is immediately **REMANDED** to the Superior Court of California for the County of San Francisco. The hearing on this motion, currently scheduled for **JUNE 23, 2005 AT 8:00 A.M.**, is **VACATED**.

**IT IS SO ORDERED.**

Dated: June 13, 2005



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE